# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2013

Lyle W. Cayce
Clerk

No. 12-30974
Summary Calendar

TYRONNE WELLS,

Plaintiff-Appellant

v.

CINDY VANNOY, LSP Mail Room Lieutenant,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-821

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tyronne Wells, Louisiana prisoner # 397072, filed a 42 U.S.C. § 1983 complaint alleging that Lt. Cindy Vannoy violated his constitutional rights by rejecting a book that he ordered entitled *Pimpology: The 48 Laws of the Game* (hereafter, *Pimpology*), and that she retaliated against him for filing grievances and improperly withheld seven other books from him. The district court granted a motion to dismiss all claims against Vannoy with the exception of Wells's claim that the rejection of *Pimpology* violated Wells's constitutional rights. The court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequently granted a motion by Vannoy for summary judgment on the remaining claims, denied a motion for summary judgment by Wells, and dismissed Wells's suit.  The court denied Wells's motion to appeal in forma pauperis (IFP), certifying that the appeal was not taken in good faith.

Wells now moves this court for leave to proceed IFP.  By doing so, he challenges the district court's certification decision. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Wells challenges only the summary judgment ruling regarding whether rejection of *Pimpology* violated his constitutional rights; thus, he has abandoned any appeal of the earlier order dismissing his other claims against Vannoy.  *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007).

This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation and citation omitted).  In the context of a summary judgment, we review the court's ruling de novo, employing the same standard used by the district court.  *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

Wells has failed to show that his appeal involves a nonfrivolous issue.  The district court properly analyzed Wells's claims pursuant to the factors set forth in *Turner v. Safley*, 482 U.S. 78, 85-89 (1987), which are (1) whether there is a rational relationship between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether the inmate has an available alternative means of exercising the rights; (3) the impact of accommodation on other inmates, guards, and allocation of prison resources; and (4) the presence or absence of easy and obvious alternative means to accommodate the right. *See Prison Legal News v. Livingston*, 683 F.3d 201, 214 (5th Cir. 2012).

Wells does not argue that the regulation at issue is invalid, rather, he contends that Vannoy's application of it violated his constitutional rights. Vannoy rejected *Pimpology* because it describes techniques of manipulation and

control, techniques that prison officials have deemed a potential threat to safety. Although Wells disputes Vannoy's interpretation of the book, we give deference to determinations by prison officials. *See Prison Legal News*, 683 F.3d at 216, 222. Wells's contention that other books available in prison contain similar information as well as other information that might be dangerous is not enough to show that Vannoy acted irrationally or arbitrarily. *See id.* at 216, 222. The rejection of *Pimpology* was rationally related to a legitimate penological interest in maintaining security. *See id.* at 215-16; *Thornburgh v. Abbott*, 490 U.S. 401, 415 (1989).

With respect to the second *Turner* factor, Vannoy's restriction of *Pimpology* does not prevent Wells from ordering other books that would be permissible under prison regulations. Thus, Wells has not shown that he lacks adequate alternative means of exercising his rights. *See Abbott*, 490 U.S. at 417-18; *Prison Legal News*, 683 F.3d at 218. We also conclude that the third *Turner* factor–the impact of accommodating the right–is satisfied in this case. *See Prison Legal News*, 683 F.3d at 219. Finally, Wells offers no argument and points to no evidence that the prison can easily accommodate his request with a de minimis cost to the valid penological interest in security. Thus, this factor weighs in Vannoy's favor. *See id.* at 218. We reject as conclusional Vannoy's due process, equal protection, and Eighth Amendment arguments.

In light of the foregoing, there is no genuine dispute as to any material fact and Vannoy was entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). It follows that Wells has failed to demonstrate a nonfrivolous issue for appeal. Accordingly, we DENY his motion to proceed IFP, and we DISMISS his appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. We also DENY his motion for appointment of counsel.

The dismissal of Wells's appeal as frivolous counts as a strike for purposes of the "three strikes" bar under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Wells is CAUTIONED that once he

accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).